IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **STATE FARM FIRE & CASUALTY COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | **CIVIL ACTION NO. 08-0093-CG-B** |
| **MICHAEL SULLIVAN, et al.,** | ) ) ) | |
| **Defendants.** | ) | |

## ORDER

This matter comes before the court on the FED. R. CIV. P. 12(b)(2) motion to dismiss filed by defendants, Traci Armstrong Evans, as Conservator and Guardian of Klay Armstrong, and Klay Armstrong (collectively, the "movants"). (Doc. 8). The matter is fully briefed and ripe for ruling. (Docs. 9, 14, and 28). For the reasons set forth below, the court finds that it does not have personal jurisdiction over the movants and **GRANTS** the motion as to the movants.

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

State Farm Fire & Casualty Company ("State Farm") filed this declaratory judgment action on February 14, 2008. In it, State Farm seeks a declaration "that State Farm has no obligation or duty to provide M. D. Sullivan with a defense or to indemnify M. D. Sullivan for damages with respect to the claims of Traci Armstrong Evans as conservator and guardian of Klay Armstrong and Klay Armstrong, individually[.]" (Doc. 1, p. 7).

The "claims" of Ms. Evans and Mr. Armstrong to which State Farm refers are found in a state court lawsuit in Georgia that the movants filed against several parties, based on injuries that Mr. Armstrong allegedly sustained when a pressure boiler exploded where he was working at a

paper manufacturing plant owned by Georgia-Pacific Corporation in Early County, Georgia. (Doc. 1-2). The movants sued several named and fictitiously-named defendants, including an individual who they identified as "M.D. Sullivan." (Doc. 1-2, p. 5, ¶ 14).

As the movants' complaint alleges, "M.D. Sullivan was under contract with Georgia-Pacific for inspection, repair and maintenance of the pressure boiler at issue and its associated parts and components at the aforesaid Early County Georgia-Pacific paper manufacturing plant." (Doc. 1-2, p. 5, ¶ 14). State Farm makes a similar allegation about the relationship between M. D. Sullivan and Georgia-Pacific in its complaint for a declaratory judgment. (Doc. 1, pp. 3-4, ¶ 6). According to the movants' Georgia complaint, Mr. Sullivan was negligent in his "rebuilding, repairing, maintaining, and inspecting [of] the pressure boiler which exploded, and in causing and leaving said boiler in an inherently dangerous condition[.]" (Doc. 1-2, p. 7, ¶ 19(d)).

As far as the materials before the court show, the only connection that either of the movants has with Alabama is the fact that they sued Mr. Sullivan, an Alabama resident, in Georgia. (Doc. 1-2). Mr. Sullivan lives in Mobile County, Alabama (Doc. 1, p. 6, ¶ 8), although the movants did not know it when they filed suit in Georgia (Doc. 1-2, p. 3, ¶ 7). Neither Ms. Evans nor Mr. Armstrong live in Alabama. (Doc. 1, p. 2, ¶ 3). None of the actions that gave rise to the state court action in Georgia arose out of any contacts that Mr. Armstrong had with Alabama. (Docs. 28-2 and 28-3).

## II.   ANALYSIS

The movants seek their dismissal from State Farm's declaratory judgment action before this court under Rule 12(b)(2), which is the mechanism for seeking dismissal for a lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). Another court in this judicial district recently

explained the legal standard for a personal jurisdiction defense in a case similar to this one.

> Where a district court in its discretion decides a personal jurisdiction issue without an evidentiary hearing, it is the plaintiff's burden to establish a prima facie case of personal jurisdiction over a nonresident defendant.  Such a showing requires the presentation of evidence sufficient to withstand a motion for directed verdict.  In considering the adequacy of a plaintiff's proffer, district courts accept as true all facts alleged in the complaint, to the extent they are uncontroverted by a defendant's affidavits.  Where a plaintiff pleads sufficient material facts to show a basis for personal jurisdiction and where a defendant submits affidavits controverting those allegations, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction[,] unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction."  If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, then all reasonable inferences must be construed in the plaintiff's favor.
>
> "When a defendant challenges personal jurisdiction, the plaintiff has the twin burdens of establishing that personal jurisdiction over the defendant comports with (1) the forum state's long-arm provision and (2) the requirements of the due-process clause of the Fourteenth Amendment to the United States Constitution."  In Alabama, this two-pronged inquiry collapses into a single question because Alabama's long-arm provision permits its courts to exercise personal jurisdiction to the full extent permitted by the Due Process Clause of the Fourteenth Amendment.  Accordingly, the critical question here is whether the exercise of personal jurisdiction over [the movants] conforms to constitutional safeguards.
>
> Due process authorizes the exercise of personal jurisdiction when "(1) the nonresident defendant has purposefully established minimum contacts with the forum;" and "(2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice."
>
> The minimum contacts analysis varies depending on whether the type of jurisdiction asserted is general or specific.  Indeed, facts supporting "[p]ersonal jurisdiction may be general, which arise from the party's contacts with the forum state that are unrelated to the claim, or specific, which arise from the party's contacts with the forum state that are related to the claim."  Under general jurisdiction, there must be a showing of "continuous and systematic" contacts between the defendant and the forum state even if those contacts are unrelated to the plaintiff's claims.  By contrast, specific jurisdiction is proper where (I) the defendant's contacts with the forum state are related or give rise to the plaintiff's cause of action, (ii) the contacts involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, and (iii) the defendant's contacts with the forum are such that the

defendant should reasonably anticipate being haled into court there.

Matthews v. Brookstone Stores, Inc., 469 F. Supp. 2d 1056, 1059-61 (S.D. Ala. 2007) (citations omitted).

Another federal district court in this state explained the second requirement for specific jurisdiction as follows:

> "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person[.]'" Thus, "the defendant's [own] conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."

Mercantile Capital, LP v. Federal Transtel, Inc., 193 F. Supp. 2d 1243, 1248 (N.D. Ala. 2002) (citations omitted).

As explained above, the only apparent contact that the movants have with Alabama is that they sued an Alabama resident based on his conduct in Georgia, while he was working for a company located in Georgia, that allegedly resulted in an accident that happened in Georgia, which allegedly injured a Georgia resident.  The movants' Georgia complaint shows that the movants did not even know that Mr. Sullivan lived in Alabama when they filed their lawsuit. State Farm has not explained how these facts show a "continuous and systematic" connection to Alabama to support a finding of general personal jurisdiction and State Farm has not explained how this connection shows that the movants purposefully availed themselves of the privilege of conducting activities in Alabama.

As such, the court finds that there is no basis upon which it can exercise personal jurisdiction over the movants.  Their motion is **GRANTED**.  The movants are **DISMISSED** from this case without prejudice.

**DONE and ORDERED** this 18th day of July, 2008.

                                        /s/ Callie V. S. Granade
                                      CHIEF UNITED STATES DISTRICT JUDGE